**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

JULIAN M. JOHNSON,

        **Plaintiff,**

v.                                    **Case 2:14-cv-02911-SHL-cgc**

RIVIANA FOODS, INC. and
TEAMSTER LOCAL 984,

        **Defendants.**

**REPORT AND RECOMMENDATION ON
DEFENDANT RIVIANA FOODS, INC.'S PARTIAL MOTION TO DISMISS**

Before the Court is Defendant Riviana Foods, Inc.'s Partial Motion to Dismiss (Docket Entry "D.E." #18). The instant motion was referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is recommended that Defendant's Partial Motion to Dismiss be GRANTED IN PART AND DENIED IN PART.

## I. Background

On November 24, 2014, Plaintiff filed a *pro se* Complaint[1] alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), the Equal Pay Act of 1963 ("EPA"), and the Age Discrimination in Employment Act of 1967 ("ADEA"). Therein,

---

[1] Plaintiff utilized the *pro se* complaint form entitled "Complaint under Title VII of the Civil Right Act of 1964"; however, he has explicitly added other claims under the aforementioned statutes.

Plaintiff alleges numerous claims of discrimination on the basis of race, sex, age over approximately three years of his employment at Riviana Foods.

In advance of filing suit, Plaintiff filed five Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"): (1) Charge 490-2012-02612 filed on September 11, 2012; (2) Charge 490-2013-00401 filed on November 28, 2012 and amended on January 14, 2013, January 28, 2013, and May 30, 2014; (3) Charge 490-2014-02642 filed on September 10, 2014 and amended on October 27, 2014; (4) Charge 490-2014-00208 filed on October 27, 2014; and, (5) Charge 490-2015-00266 filed on October 31, 2014.

Plaintiff was issued a Notice of Right to Sue on Charge 490-2013-00401 on August 26, 2014, which he filed with the Complaint.   Plaintiff was issued a Notice of Right to Sue on Charge 490-2012-2612 on February 13, 2015, which he filed with the Court on March 30, 2015.   Plaintiff was issued a Notice of Right to Sue on Charge 490-2014-02642 on April 9, 2014 and was issued Notices of Right to Sue on Charges 490-2014-00208 and 490-2015-00266 on May 6, 2015, all of which he filed with the Court on May 6, 2015.

## II.   Proposed Analysis

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted.   Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true.   *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).   A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).   This standard requires more than bare

assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

### A. ADEA

First, Plaintiff's Complaint alleges violations of ADEA. (Compl. at D.E. #1-1 at 1 ¶ 1). The ADEA requires a plaintiff to file a charge of discrimination with the EEOC before bringing suit in federal court. 29 U.S.C. § 626(d); *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 194 (6th Cir. 1995). Plaintiff did not include any allegations of age discrimination in his numerous charges of discrimination filed with the EEOC. (*See* Compl., Exhs. 3-10, filed at D.E. #1-3 to D.E. #1-10; Mot. for Partial Dismissal, Exhs. 1-8, filed at D.E. #18-1). Instead, Plaintiff has first raised the

alleged ADEA violations in his Complaint with this Court. Accordingly, as Plaintiff has failed to exhaust his administrative remedies under the ADEA, it is recommended that Plaintiff's ADEA claim against Defendant Riviana Foods should be dismissed.

### B. Title VII—Sex Discrimination

Next, Plaintiff's Complaint alleges discrimination on the basis of sex in violation of Title VII. (Compl. at D.E. #101 at 1 ¶ 1 & at 2-3 ¶¶ 1-20). Based upon his allegations that these claims arise from Defendant Riviana Foods' promotion of female employees Shanika Boone and Deanna Jennings instead of him, it appears to the Court that these allegations stem from those raised by Plaintiff in EEOC Charge 490-2012-02612.

"As a prerequisite to bringing suit under Title VII, a claimant must exhaust his or her administrative remedies." *Scott v. Eastman Chem. Co.*, 275 Fed. Appx. 466, 470 (6th Cir. 2008) (citing *Weigel v. Baptist Hosp. of East Tenn.*, 302 F.3d 367, 379 (6th Cir. 2002)). "Before a plaintiff alleging discrimination under Title VII can bring suit in federal court, she must satisfy two administrative prerequisites: "(1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notices of the right to sue." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (citing *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)); *see also* 42 U.S.C. § 2000e-5(f)(1) (stating that a suit may be filed by the aggrieved person "within ninety days after the giving of such notice [that] a civil action may be brought").

In light of the general rule that a right-to-sue letter should be issued before suit is filed, the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") has considered the consequences of when a plaintiff files a complaint before the right-to-sue letter is issued. In

*Portis v. State of Ohio*, 141 F.3d 632 (6th Cir. 1998), the Sixth Circuit considered whether summary judgment was appropriate when the plaintiff filed the complaint alleging Title VII claims a week before the EEOC issued its right-to-sue letter. *Id*. at 634. The *Portis* court determined that there was "no reason to bar Portis's claim solely on the grounds of a non-jurisdictional requirement whose brief absence caused [the defendant] no prejudice in this case." *Id*. However, the *Portis* court cited *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1218 (5th Cir. 1982) and the decisions of four other United States Courts of Appeals to note in *dicta* that "premature suits are subject to a motion to dismiss at any time before notice of the right to sue is received." *Id*. at 1218. Thus, the *Portis* court stated that it would have been "proper" for the defendant "to raise this argument between the filing of the lawsuit and Portis's receipt of the letter." *Id*. at 635 (citing cases); *Pinkard*, 678 F.2d at 1218.

In *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299 (6th Cir. 2001), the Sixth Circuit once again considered whether summary judgment was appropriate when the plaintiff filed the complaint alleging ADA claims before the EEOC issued its right-to-sue letter. *Id*. at 309-310. In *Parry*, he received the right-to-sue letter approximately three months after he filed his complaint. *Id*. at 305, & n.2. While he had received the right-to-sue letter before defendants filed their motion for summary judgment, he failed to apprise the court of his receipt of it until he filed his motion for reconsideration of the court's ruling on defendants' motion for summary judgment. *Id*. at 310 & n.2. The *Parry* court relied upon the *Portis* court's reasoning that "there is no jurisdictional defect and no evidence that Defendants suffered any prejudice from Plaintiff's failure to initially satisfy this condition precedent, a defect he later cured." *Id*. (citing *Portis*, 141 F.3d at 634). Thus, the *Parry* court concluded that "it would be unduly harsh, under these

circumstances, to deny Plaintiff his day in court as to his ADA claim." *Id*. The Sixth Circuit reached the same conclusion after considering "a nearly identical factual situation" in *Chandler v. Vulcan Materials, Co.*, 81 Fed. Appx. 538, 541 (6th Cir. 2003). Neither the *Parry* nor the *Chandler* courts discussed the *Portis* court's mention of *Pinkard* for the proposition that a motion to dismiss should be granted if it was filed before the right-to-sue notice was issued to or received by the plaintiff.

In the instant case, Plaintiff filed EEOC Charge 490-2012-02612 on September 11, 2012. He filed the instant Complaint on November 12, 2014. He included as an exhibit to the Complaint a copy of EEOC Charge Number 490-2012-02612 (Compl. Exh. 3, filed at D.E. #1-3), but he did not attach any Notice of Right to Sue, as it had not yet been issued. On January 23, 2015, Defendant Riviana Foods filed the instant Motion for Partial Dismissal. On February 3, 2015, the EEOC issued the Notice of Right to Sue to Plaintiff. (D.E. #21). On March 3, 2015, Plaintiff filed the Notice of Right to Sue with the Court. (D.E. #24).

Although the *Portis* court indicated that, based upon the reasoning of other circuit courts, a dispositive motion filed before the receipt of the right-to-sue letter may be sufficient grounds for granting it, the *Parry* and *Chandler* courts have concluded otherwise. Further, the circumstances presented in both *Parry* and *Chandler* involved the more egregious circumstance of the plaintiff receiving the right-to-sue letter before the dispositive motion was filed, failing to file it with the court, waiting for the court to rule upon the dispositive motion, and then filing the right-to-sue letter in conjunction with a motion for reconsideration. As the Sixth Circuit has concluded that it was erroneous to dismiss the claims under the circumstances presented in *Parry* and *Chandler*, it is recommended that Plaintiff's Title VII claim of discrimination on the basis of sex against Defendant Riviana Foods should not be dismissed for failure to exhaust administrative remedies.

*C.  Retaliation*

Next, Plaintiff's Complaint alleges that he was retaliated against for filing charges of discrimination with the EEOC in violation of Title VII.  Plaintiff's Complaint alleges two incidents of retaliation.  First, he alleges that he was "written up for defective work by Robert McNeece" and that he was "falsely accused."  (Compl. at 8 ¶ 67).  Plaintiff alleges that he had previously filed EEOC Charges 490-2012-02612 on September 11, 2012 and 490-2013-00401 on January 14, 2013[2] and that he was subjected to written disciplinary action in retaliation for the filing of those charges.  (Compl. at Exhs. 3 & 6, filed at D.E. #1-3 & #1-6).  As a result, Plaintiff filed EEOC Charge 490-2014-02642 alleging this claim of retaliation on September 10, 2014. (Compl. at Exh. 4, filed at D.E. #1-4).

Second, Plaintiff alleges that he was "suspended for three days in retaliation."  (Compl. at 8 ¶ 68).  Plaintiff alleges that he had previously filed EEOC Charge 490-2014-02642 on October 27, 2014[3] and that he was suspended for filing that charge.  (Compl. at Exh. 5, filed at D.E. #1-5). Plaintiff filed EEOC Charge 490-2015-00266 alleging this claim of retaliation on October 31, 2014.  (*Id*. at Exh. 9, filed at D.E. #1-9).

When Plaintiff filed the Complaint in the instant case on November 12, 2014, he had not yet been issued or filed with the court right-to-sue letters on either EEOC Charge 490-2014-02642 or EEOC Charge 490-2015-00266.  At the time of Defendant Riviana Foods' Motion to Dismiss, he had also not yet been issued or filed with the court right-to-sue letter as to these charges.

---

[2]   The record reflects that Plaintiff filed EEOC Charge 490-2013-00401 on November 28, 2012 and that it was amended for the first time on January 14, 2013.

[3]   The record reflects that Plaintiff filed EEOC Charge 490-2014-2642 on September 10, 2014 and that it was amended on October 27, 2014.

Plaintiff was issued his right-to-sue letter for EEOC Charge 490-2014-02642 on April 9, 2015, was issued his right-to-sue letter for EEOC Charge 490-2015-00266 on May 6, 2015, and filed both right-to-sue letters with the Court on May 7, 2015.

As stated above, although the *Portis* court indicated that, based upon the reasoning of other circuit courts, a dispositive motion filed before the receipt of the right-to-sue letter may be sufficient grounds for granting it, the *Parry* and *Chandler* courts have concluded otherwise. As the Sixth Circuit has concluded that it was erroneous to dismiss the claims under the more egregious circumstances presented in *Parry* and *Chandler*, it is recommended that Plaintiff's retaliation claims against Defendant Riviana Foods for retaliation in violation of Title VII should not be dismissed.

### D. EPA

Next, Plaintiff seeks to raise claims under the EPA, which prohibits employers from paying an employee wages less than those paid to employees of the opposite sex for equal work. *See* 29 U.S.C. § 206(d)(1). To plead a *prima facie* case under the EPA for wage discrimination, a plaintiff must allege that the "employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Buntin v. Breathitt Cnty. Bd. of Educ.*, 134 F.3d 796, 799 (6th Cir. 1998) (internal quotations omitted) (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)). However, Plaintiff's Complaint alleges that he was not promoted as quickly as two female employees, not that he was paid less than female employees for the same work. (Compl. ¶¶ 2, 4, *passim*). In fact, Plaintiff's Complaint makes no reference to any allegations regarding Plaintiff's wages or the wages of these two female employees. (*Id.*) Thus, it is recommended that Plaintiff's purported EPA claims should be dismissed for failure to

state a claim upon which relief may be granted.

Additionally, even assuming *arguendo* that Plaintiff had adequately alleged an EPA violation, such claims are subject to a two-year statute of limitations unless willfulness is alleged. 29 U.S.C. § 255(a). The EPA "is violated each time an employer presents an 'unequal' paycheck to an employee for equal work." *Gandy v. Sullivan Cty.*, 24 F.3d 861, 864 (6th Cir. 1994) (citing *Hall v. Ledex, Inc.*, 669 F.2d 397, 398 (6th Cir. 1982)). Plaintiff alleges that the improper promotions of two female employees occurred in May 2011 and October 2012. Thus, for Plaintiff to have properly brought an EPA claim, he would have had to file the claims by May 2013 and October 2014, respectively. As Plaintiff did not file his Complaint until November 24, 2014, Plaintiff could not have maintained any EPA claims based upon alleged wrongdoing on those dates unless he had alleged willfulness, which he has not. (Compl. ¶¶ 2, 4, *passim*). Accordingly, it is further recommended that Plaintiff's purported EPA claims against Defendant Riviana Foods should be dismissed as time-barred.

### E. Title VII—Race Discrimination

Next, Plaintiff alleges that he was discriminated on the basis of his race in violation of Title VII. Plaintiff's Complaint contains the following allegations: (1) that Mark Nunley falsely accused him of "defective work" relating to a "machine malfunction" on November 27, 2012 and wrote him up but did not take any action when a white coworker, Tony Roy, did the "same thing" on the "very next day" (Compl. ¶¶ 36-39); (2) that he was denied the opportunity to participate in a "demo" to become a "level 5 operator" from January 7 to January 13, the completion of which would have increased his pay (Compl. ¶¶ 44-50); (3) that he was written up for defective work in January 2013 (Compl. ¶¶ 51, 53-54); (4) that he was written up for defective work and

"threatening or abusive language" on January 15, 2014 and January 28, 2014 after he complained

of being called a racial slur and being threatened by Tony Roy (Compl. ¶¶ 62, 64).   Upon review,

Plaintiff exhausted these claims in Charge 490-2013-00401, which was originally filed on

November 28, 2012 and later amended on January 14, 2013, January 28, 2013, and May 30, 2014.

Plaintiff received his right-to-sue letter on this charge on August 26, 2014, which he filed with the

Court with his Complaint.   Defendant Riviana Foods concedes that these claims are properly

before the Court and does not argue that they should be dismissed.

However, Plaintiff's Complaint also contains a myriad of allegations of discrimination on

the basis of race in violation of Title VII that were not included in any of his EEOC charges.

Specifically, Plaintiff claims as follows: (1) that Defendant Riviana Foods refused to hear his

grievances but afforded hearings to white employees (Compl. ¶ 23); (2) that white supervisors

"were all working together to fire [him]" and subjected African American employees to

embarrassment and humiliation (Compl. ¶ 32); (3) that Robert McNeese made "racial comments"

and created an environment where white supervisors degraded African American employees

(Compl. ¶ 29); (4) that Tony Roy, a white employee, was allowed to take vacation days that he had

not earned (Compl. ¶¶ 30, 60); (5) that Plaintiff was written up on February 22, 2013 (Compl. ¶

55); and, (6) that Tony Roy called Plaintiff a racial slur on December 27, 2013 and threatened him

(Compl. ¶ 61).   These allegations were not included in any of Plaintiff's EEOC Charges.

When a Title VII plaintiff has filed a charge of discrimination and received a notice of right

to sue, he may not allege claims in his subsequent lawsuit that were not alleged in his EEOC

charge.   42 U.S.C. § 2000e-5(f)(1); *Younis v. Pinnacle Airlines, Inc.* 610 F.3d 359, 362 (6th Cir.

2010).   Courts may consider claims that are "reasonably related to or grow out of the factual

allegations in the EEOC charge." *Younis*, 610 F.3d at 362. However, claims sharing the same subject matter, such as race discrimination, are not automatically "reasonably related" if they have different factual predicates. *Terrance McFagdon v. The Fresh Market, Inc.*, 2005 WL 2768996, at *5 (W.D.Tenn. 2005) (citing *EEOC v. McCall Printing Corp*, 633 F.2d 1232, 1236 (6th Cir. 1980); *Farmer v. ARA Services Inc.*, 660 F.2d 1096, 1105 (6th Cir, 1981)).

In the instant case, Plaintiff's EEOC charges allege specific, discreet acts of discrimination that occurred on certain dates and involved certain individuals. A review of the substance of the acts alleged in the EEOC charges and the acts alleged for the first time in the Complaint clearly demonstrates that they are not reasonably related and not within the scope of the EEOC charges. Accordingly, it is recommended that the claims of race discrimination alleged in Paragraphs 23, 29, 30, 32, 40, 55, 60, and 61 against Defendant Riviana Foods should be dismissed for failure to exhaust.

### F.   NLRB Retaliation

Finally, Plaintiff's Complaint appears to assert that he has faced retaliation for filing a charge with the National Labor Relations Board ("NLRB"). (Compl. ¶ 35). The National Labor Relations   Act ("NLRA") provides that it is an unfair labor practice for an employer "to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this subchapter." 29 U.S.C. § 158(a)(4). "Whenever it is charged that any person has engaged in or is engaging in any such unfair labor practice, the [NLRB] . . . shall have power to issue and cause to be served upon such person a complaint stating the charges in that respect, and containing a notice of hearing before the [NLRB] . . . ." 29 U.S.C. § 160(b). "It is well established in Supreme Court jurisprudence that the NLRB has exclusive jurisdiction when conduct is even arguably subject to the NLRA . . . ." *Ronnie Cox v. G & J Pepsi-Cola Bottlers,*

*Inc.*, No. 1:14-cv-40, 2014 WL 878858, at *1 (S.D.Ohio Mar. 5, 2014) (citing *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244-45 (1959)). "Any person aggrieved by a final order of the [NLRB] granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in . . . ." 29 U.S.C. § 160(f).

Plaintiff has not alleged or provided evidence that he has obtained a final order of the NLRB on his charge. Even if Plaintiff had obtained a final order, this would not be the proper court to seek judicial review. Accordingly, it is recommended that any claim against Defendant Riviana Foods for retaliation on the basis of filing an NLRB charge should be dismissed.

### III.  Conclusion

For the reasons set forth herein, it is recommended that Defendant's Motion for Partial

Dismissal (D.E. #18) be GRANTED IN PART AND DENIED IN PART.

Signed this 12th day of May, 2015.

<u>s/ Charmiane G. Claxton</u>
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**