IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JULIAN JOHNSON, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    No. 14-cv-2911-SHL-cgc |
| | ) |
| RIVIANA FOODS, INC. and | ) |
| TEAMSTERS LOCAL 984, | ) |
|     Defendants. | ) |

**ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATIONS, GRANTING IN PART AND DENYING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND**

Plaintiff filed a *pro se* Complaint on November 24, 2014, alleging numerous claims of discrimination based on gender, race, age and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Equal Pay Act of 1963 ("EPA") and the Age Discrimination in Employment Act of 1967 ("AADEA"). Plaintiff's complaint also alleged retaliation for filing a charge with the National Labor Relations Board ("NLRB") in violation of the National Labor Relations Act ("NLRA").

Before the Court are Defendant Riviana Foods' Motion to Dismiss (ECF No. 18), filed on January 23, 2015, Plaintiff's response thereto (ECF No. 23), filed on April 21, 2015, Plaintiff's Motion to Amend his Complaint (ECF No. 28), filed on June 24, 2015, and the responses by both Defendants (ECF No. 30 & 31). On May 12, 2015, Magistrate Judge Claxton issued a Report and Recommendation (ECF No. 28), recommending that the Court grant Defendant's Motion to Dismiss. Plaintiff filed objections to the Report and Recommendation on June 1, 2015. (ECF No. 26.) After *de novo* review, the Court hereby ADOPTS in part the Report and Recommendations. Defendant Riviana Foods' Partial Motion to Dismiss is **GRANTED IN**

**PART AND DENIED IN PART**. In addition, because Plaintiff's proposed Amended Complaint restates the claims dismissed by this order, the Motion to Amend Complaint is **DENIED** as futile.

## BACKGROUND

Plaintiff's Complaint alleges various acts of discrimination that occurred over approximately three years during his employment at Riviana Foods. The factual details of the Complaint are largely irrelevant to this order because Defendant Riviana Food's Motion to Dismiss is primarily focused on the procedural defects of Plaintiff's Complaint. Therefore, the Court will not address the factual merits of Plaintiff's claims at this time.

Prior to filing this lawsuit, Plaintiff filed five charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"): (1) Charge 490-2012-02612 filed on September 11, 2012; (2) Charge 490-2013-00401 filed on November 28, 2012, and amended on January 14, 2013, January 28, 2013 and May 30, 2014; (3) Charge 490-2014-02642 filed on September 10, 2014, and amended on October 27, 2014; (4) Charge 490-2014-00208 filed on October 27, 2014; and, (5) Charge 490-2015-00266 filed on October 31, 2014.

The EEOC issued Plaintiff a Notice of Right to Sue on Charge 490-2013-00401 on August 26, 2014, which he filed with his Complaint on November 24, 2014. The EEOC issued Plaintiff the Notice on Charge 490-2012-2612 on February 13, 2015, which he filed with the Court on March 30, 2015. The EEOC issued Plaintiff the Notice on Charge 490-2014-02642 on April 9, 2014, and the EEOC issued Plaintiff the Notices on Charges 490-2014-00208 and 490-2015-00266 on May 6, 2015. Plaintiff filed all three of these latter notices with the Court on May 6, 2015.

Plaintiff also filed an unfair labor act claim with the NLRB based on gender

discrimination, claiming that the Union (Defendant Teamsters Local 984) was complicit in the alleged gender discrimination. The NLRB denied Plaintiff's claim on February 28, 2014. Plaintiff has not appealed this decision to the NLRB Office of Appeals.

## STANDARD OF REVIEW

Riviana Foods moves to partially dismiss Plaintiff's Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When addressing a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim by pleading sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To meet this standard, plaintiffs must submit more than bare legal conclusions or a formulaic recitation of the elements of a cause of action. Id. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." Ashcroft v. Iqbal, 556 US. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 678-79.

## ANALYSIS

Before filing suit under the ADEA, Title VII, and for retaliation under the NLRA, a plaintiff must first exhaust his or her administrative remedies. Defendant argues that Plaintiff's claims under these statutes should be dismissed because he has not exhausted his administrative remedies. Furthermore, Defendant argues that Plaintiff's EPA claim should be dismissed because he has failed to state any facts that could support a claim under that statute. The Magistrate Judge recommended granting Defendant's Partial Motion to Dismiss in part and

denying it in part. The Court agrees, but does not adopt all of the Magistrate Judge's recommendations.

1. **ADEA**

The ADEA requires a plaintiff to file a charge of discrimination with the EEOC before bringing suit in federal court. See 29 U.S.C. § 626(d). The Magistrate Judge correctly noted that Plaintiff did not include any allegations of age discrimination in the charges of discrimination that he filed with the EEOC. (See ECF No. 1-3 to 1-10; ECF No. 18-1.) Since Plaintiff has failed to exhaust his administrative remedies under the ADEA, this claim must be dismissed.[1]

2. **Title VII**

Plaintiff claims that Riviana Foods discriminated against him in violation of Title VII on the basis of his race and gender and in retaliation for filing a complaint under Title VII. Before filing a claim under Title VII, a plaintiff must exhaust his or her administrative remedies by filing a timely charge with the EEOC and receiving a notice of the right to sue from the EEOC. See Nichols v. Muskingum College, 318 F.3d 674, 677 (6th Cir. 2003) (citing Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1486 (6th Cir. 1989). Defendant argues that most of these claims should be dismissed because Plaintiff failed to exhaust his administrative remedies. The Court agrees that some of Plaintiff's Title VII claims must be dismissed for failure to exhaust, but not all.

a. **Gender Discrimination and Retaliation**

Plaintiff filed numerous charges with the EEOC related to the incidents detailed in his Complaint, but had only received one right to sue letter prior to filing this lawsuit on November 12, 2014 (on Charge 490-2013-00401). Plaintiff filed the right to sue letters for the

---

[1] Plaintiff objects to this finding, but does not provide any basis for the objection, simply stating that the claim should not be dismissed.

following EEOC Charges with the Court shortly after he received them from the EEOC: 490-2012-02612 (alleging gender discrimination because two female employees with less seniority were promoted instead of him), 490-2014-02642 (alleging retaliation based on being "written up for defective work by Robert McNeece" and being "falsely accused" after filing previous EEOC complaints) and 490-2015-00266 (alleging retaliation based on being suspended in October 2014).

Riviana Foods argues that all of the claims in these charges should be dismissed because the right to sue letters were not issued until after Plaintiff filed suit. The Magistrate Judge recommended denying the motion to dismiss these claims because the Sixth Circuit encourages leniency in situations where plaintiffs did not have the right to sue letters at the time of filing the Complaint but later obtained them. The Court agrees with the Magistrate Judge's recommendation.

District courts should exercise leniency with plaintiffs who initially fail to file a right to sue letter but ultimately correct that error, so long as the defendant is not prejudiced by the plaintiff's initial error. See Portis v. State of Ohio, 141 F.3d 632 (6th Cir. 1998); Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299 (6th Cir. 2001). In Portis, the Sixth Circuit noted in *dicta* that "premature suits are subject to a motion to dismiss at any time before notice of the right to sue is received." Portis, 141 F.3d at 635 (quoting Pinkard v. Pullman-Standard, 678 F.2d 1211, 1218 (5th Cir.1982)). However, in that case, the court ultimately held that there was "no reason to bar Portis's claim solely on the grounds of a non-jurisdictional requirement" because he filed his right to sue letter with the court shortly after filing his complaint and its brief absence did not prejudice the defendant. Portis, 141 F.3d at 634. In Parry, a plaintiff received his right to sue letter on an ADA claim before the defendants filed their motion for summary

5

judgment, but failed to file a copy of that letter with the court until after the court ruled on the motion for summary judgment. Parry, 236 F.3d at 299. The Sixth Circuit reversed the District Court's dismissal for failure to exhaust the ADA claim, holding that it was "unduly harsh" to dismiss a claim when there was no jurisdictional defect and no evidence that the defendants suffered any prejudice from the plaintiff's failure to file his right to sue letter. Id. at 310.

Here, Riviana Foods has not argued that it suffered any prejudice from Plaintiff's failure to file his notice of right to sue letters prior to filing his complaint, and Plaintiff has since cured his initial errors by filing the letters for the claims described above. Therefore, Riviana Food's Motion to Dismiss is DENIED as to these claims.

### b. Race Discrimination

Plaintiff also alleges that Riviana Foods discriminated against him based on his race. Among those claims, the parties agree that the following claims were properly exhausted in EEOC Charge 490-2013-00401: (1) that Mark Nunley falsely accused Plaintiff of "defective work" relating to a "machine malfunction" on November 27, 2012, and wrote him up, but did not take any action when a white coworker, Tony Roy, did the "same thing" on the "very next day" (ECF No. 1, ¶¶ 36-39); (2) that he was denied the opportunity to participate in a "demo" to become a "level 5 operator" from January 7, 2013, to January 13, 2013, the completion of which would have increased his pay (ECF No. 1, ¶¶ 44-50); (3) that he was written up for defective work in January 2013 (ECF No. 1, ¶¶ 51, 53-54); and (4) that he was written up for defective work and "threatening or abusive language" on January 15, 2014, and January 28, 2014, after he complained of being called a racial slur and being threatened by Tony Roy (ECF No. 1, ¶¶ 62, 64).

Plaintiff's Complaint contains a number of race discrimination allegations that are not

6

explicitly contained in any EEOC charge in the record, including: (1) that Defendants Riviana Foods and Teamster Local 984 refused to hear his grievances but afforded hearings to white employees (ECF No. 1, ¶ 23); (2) that Robert McNeese made "racial comments" and created an environment where white supervisors degraded African American employees (ECF No. 1, ¶ 29); (3) that Tony Roy, a white employee, was allowed to take vacation days that he had not earned (ECF No. 1, ¶¶ 30, 60); (4) that white supervisors "were all working together to fire [him]" and subjected African American employees to embarrassment and humiliation (ECF No. 1, ¶ 32); (5) that Plaintiff was written up on February 22, 2013 (ECF No. 1, ¶ 55); and (6) that Tony Roy called Plaintiff a racial slur on December 27, 2013, and threatened him (ECF No. 1, ¶ 61). Defendant argues that these claims should all be dismissed because they were not presented to the EEOC and thus not exhausted, and because they are not reasonably related to claims that were exhausted. The Court agrees as to claims one through five described above, but finds that the sixth claim (Tony Roy calling Plaintiff a racial slur and threatening him) is reasonably related to the claim in Charge 490-2013-00401 that he was written up for defective work and "threatening or abusive language" after he complained of being called a racial slur and being threatened by Tony Roy.

      A plaintiff who has filed a charge of discrimination and received a right to sue letter may not allege claims in their subsequent lawsuit that were not alleged in their EEOC charge unless those claims are "reasonably related to or grow out of the factual allegations in the EEOC charge." Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 362 (6th Cir. 2010). Claims are "reasonably related" to allegations in the EEOC charge "whe[n] facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim." Younis, 610 F.3d at 362 (quoting Davis v. Sodexho, Cumberland College Cafeteria, 157 F.3d 460, 463

(6th Cir. 1998)). Generally, this liberal construction is afforded plaintiffs because they are rarely represented by counsel when they file their EEOC complaints and courts do not want to punish *pro se* plaintiffs for imprecise filings, such as failing to "attach the correct legal conclusion to the EEOC claim, conform to procedural technicalities, or include 'the exact wording which might be required in a judicial pleading.'" Duggins v. Steak "N Shake, Inc., 195 F.3d 828, 833 (6th Cir. 1999) (citing Davis, 157 F.3d at 463). However, claims sharing the same subject matter, such as race discrimination, are not automatically "reasonably related" if they have different factual predicates. See Terrance McFagdon v. The Fresh Market, Inc., 2005 WL 2768996, at *5 (W.D.Tenn. 2005) (citing EEOC v. McCall Printing Corp., 633 F.2d 1232, 1236 (6th Cir. 1980).

Here, while the claims described above as 1-5 are all based on alleged racial discrimination between the same parties, none of these allegations were described in one of Plaintiff's EEOC charges and the factual bases of these claims are not reasonably related to the factual claims in the EEOC Charges. However, the claim of being called a racial slur in December 2013 (number 6 above) is directly related to the charged claim that he was written up for defective work and threatening or abusive language in retaliation for complaining about being called a racial slur. Therefore, the Motion to Dismiss is GRANTED as to the claims of race discrimination alleged in paragraphs 23, 29, 30, 32, 55, and 60 of Plaintiff's Complaint (described as claims 1-5 above), and DENIED as to the claim in paragraph 61 of Plaintiff's Complaint (claims 6 above).[2]

---

[2] Plaintiff argues that it is premature to dismiss these claims because he has filed EEOC charges based on this conduct and the alleged discrimination is ongoing. Plaintiff refers to exhibits attached to his objections to support this assertion, but the only exhibit which is an EEOC charge is entirely unrelated to the claims being dismissed. If Plaintiff does file a timely EEOC charge related to the dismissed claims and is granted a right to sue letter, he can move to amend his Complaint at that time. However, there is no evidence that Plaintiff has even begun to exhaust his administrative remedies regarding those claims.

### 3. NLRB Retaliation

Plaintiff alleges that Riviana Foods retaliated against him for filing a charge with the National Labor Relation Board ("NLRB"). (ECF No. 1, ¶ 35.) The Magistrate Judge concluded that this claim should be dismissed for failure to exhaust administrative remedies. The Court agrees.

The National Labor Relations Act ("NLRA") provides that it is an unfair labor practice for an employer "to discharge or otherwise discriminate against an employee" in retaliation for that employee's filing unfair labor practice claims with the NLRB. See 29 U.S.C. § 158(a)(4). The NLRB has exclusive jurisdiction over unfair labor practice claims under the NLRA, including NLRB retaliation claims. See 29 U.S.C. § 160(b); Ronnie Cox v. G & J Pepsi-Cola Bottlers, Inc., No. 1:14-cv-40, 2014 WL 878858, at *1 (S.D. Ohio Mar. 5, 2014) (citing San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 244-45 (1959)). In addition, if a person believes they are aggrieved by a final order of the NLRB, they may only obtain a review of that order in a United States Court of Appeals in the circuit where the unfair labor practice allegedly took place. See 29 U.S.C. § 160(f).

Plaintiff filed one claim with the NLRB alleging unfair labor practices. This claim was denied, and Plaintiff did not appeal this denial through the NLRB's internal appeals process. Plaintiff has neither alleged nor provided evidence showing that he has obtained a final order from the NLRB on his retaliation claim. Even if he had, the proper forum to bring such a claim is a United States Court of Appeals, not this Court. Plaintiff objects to the Magistrate Judge's recommendation, claiming that the Court has supplemental jurisdiction over this claim because it is substantially related to the original claim. The Court disagrees. The supplemental jurisdiction statute provides that:

9

> (a) Except as provided in subsections (b) and (c) <u>or as expressly provided otherwise by Federal statute</u>, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution[.]

28 U.S.C. § 1367(a) (emphasis added).

The NLRA is a federal statute that expressly states that unfair labor act claims <u>must</u> be brought to the NLRB before they can be taken to the federal courts, and, even then, appeals of NLRB decisions must go to the Courts of Appeals. Therefore, Riviana Food's Motion to Dismiss is GRANTED as to Plaintiff's NLRB retaliation claim.

### 4. EPA

Plaintiff also claims Riviana Foods violated the Equal Pay Act ("EPA") by promoting two female employees with less seniority than him. The Magistrate Judge concluded that these allegations could not support a claim under the EPA because Plaintiff has not alleged he was paid differently than female employees for doing the same work. The Court agrees.

To make out a *prima facie* case under the EPA for wage discrimination, a plaintiff must allege that the "employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." <u>Buntin v. Breathitt Cnty. Bd. of Educ.</u>, 134 F.3d 796, 799 (6th Cir. 1998) (internal quotations omitted) (citing <u>Corning Glass Works v. Brennan</u>, 417 U.S. 188, 195 (1974)). Here, Plaintiff's Complaint does not even refer to his wages or the wages of the promoted female employees. Plaintiff's claim alleges that Riviana Foods promoted two allegedly less qualified females ahead of him, not that females who performed the same job were paid more. These allegations do not make out an EPA claim.

Plaintiff objects to the Magistrate's recommendation on this issue, arguing, among other

things, that he filed an EEOC complaint that alleged that, in August 2012, two female machine operators were paid higher wages than male machine operators (including Plaintiff) who worked in the same department. Under the relaxed pleadings standards of *pro se* Plaintiffs, these allegations could properly state an EPA claim. Although these allegations were not specifically included in the Complaint, they were included in an EEOC Charge (490-2012-02612) attached to the pleadings and thus may be sufficient to state a claim for relief under the EPA, again relying on relaxed pleading standards. See Burns v. United States, 542 F. App'x 461, 466 (6th Cir. 2013) (noting that a court may rely on statements in a document attached to the pleadings when considering a motion to dismiss under Rule 12).

However, as the Magistrate Judge further concluded, even if the allegations in the EEOC charge could establish a *prima facie* EPA claim, such claim would fail because it is untimely. Claims under the EPA must be filed within two years of the violation unless the violation was willful. See 29 U.S.C. § 255(a). Plaintiff alleges that females were paid higher wages between May 2011 and August 2012. Plaintiff did not file his Complaint until November 24, 2014, and does not allege that the violation was willful. Plaintiff's objection argues, without support, that there is a six year statute of limitations for pursuing claims under the EPA (or, he argues, five years if the claims are filed in Scottish courts). Plaintiff appears to be referring to a statute from the United Kingdom, which obviously has no relation to the statute of limitations under the EPA. See The Equality Act, 2010, c. 15 (U. K.). Since Plaintiff has failed to state a timely claim under the Equal Pay Act, Riviana Food's Motion to Dismiss those claims is GRANTED.

   5.   **Motion to Amend**

After Plaintiff filed his Objections to the Report and Recommendation, he filed a Motion to Amend the Complaint (ECF No. 28) to "clarify" his earlier claims. Defendants both oppose

11

this amendment, arguing that the proposed changes are futile. While courts should ordinarily freely give plaintiffs leave to amend their complaints when justice requires, a motion to amend may be denied when that amendment would be futile. See Riverview Health Institute LLC v. Medical Mutual of Ohio, 601 F.3d 505, 520 (6th Cir. 2010) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). An amendment is futile if it could not withstand a motion to dismiss under Fed. Rule Civ. P. 12(b)(6). Rose v. Harford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000) (quoting Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div., 987 F.2d 376, 382-83 (6th Cir. 1993)).

Plaintiff's proposed amendment is futile because he re-states the claims dismissed in this order without curing any of the defects discussed *supra*. Plaintiff has not shown that he has exhausted his administrative remedies in the claims that were dismissed for that reason, nor has he included facts in support of a timely filed EPA claim that alleges he was paid less than someone of the opposite sex for doing the same work. Since those re-phrased claims would still not survive a motion to dismiss under Rule 12(b)(6), the amendments are futile. Therefore, Plaintiff's Motion to Amend is DENIED.[3]

## CONCLUSION

Plaintiff failed to properly exhaust his claims under the ADEA and the NLRA and those claims are therefore DISMISSED. While Plaintiff failed to exhaust his gender and Title VII

---

[3] The Court recognizes that Plaintiff brought a new claim in his Amended Complaint for breach of contract / breach of the duty of fair representation based on his claim that Defendants failed to properly hear his grievances. Defendant Teamsters Local 984 argues that this new "hybrid 301" claim is also futile because Plaintiff has failed to exhaust his administrative remedies under the Labor Management Relations Act of 1947. See Chapman v. United Auto Workers Local 1005, 670 F.3d 677, 683 (6th Cir. 2012) (noting that the affirmative defense of failure to exhaust internal union remedies is the first step in a §301 / fair representation lawsuit). Since the Court has already determined that the Amended Complaint is futile based on its inclusion of the issues dismissed in this Order, it is unnecessary to reach the issue of whether Plaintiff has pled a plausible "hybrid 301" claim at this time.

retaliation claims prior to filing his Complaint, he has since cured this defect by filing the right to sue letters for those allegations, and therefore those claims will continue. Plaintiff failed to exhaust the racial discrimination claims stated in paragraphs 23, 29, 30, 32, 55, and 60 of his Complaint, and those claims are DISMISSED because they are not reasonably related to the racial discrimination claims he properly exhausted in Complaint paragraphs 36-39, 44-50, 51, 53-54, 62-64. Plaintiff's unexhausted claim of racial discrimination in Complaint paragraph 61, however, remains because it was reasonably related to his exhausted claims in Complaint paragraphs 62-64. Plaintiff stated a plausible claim for relief under the Equal Pay Act with the attachment to the Complaint. However, this claim is untimely, and therefore his claims under that statute are DISMISSED. Finally, Plaintiff's Motion to Amend is DENIED because his proposed Amended Complaint includes allegations related to claims which are dismissed in this order without curing any of those claims' defects.

**IT IS SO ORDERED,** this 12th day of August, 2015.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE
