IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JULIAN M. JOHNSON,

        Plaintiff,

v.                                                        Case 2:14-cv-02911-SHL-cgc

RIVIANA FOODS, INC. and
TEAMSTER LOCAL 984,

        Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS
## AND TO COMPEL PLAINTIFF'S ATTENDANCE AT NEXT SCHEDULED
## DEPOSITION

---

Before the Court, by way of Administrative Order 2013-05,[1] is Defendants' April 7, 2016 Motion for Sanctions and to Compel Plaintiff's Attendance at the Next Scheduled Deposition (Docket Entry "D.E." #57). Plaintiff filed no written response. A hearing was noticed and held on April 27, 2016 with Julian Johnson, *pro se* plaintiff, Kathryn Parham, counsel for defendant Riviana Foods Inc., and Timothy Taylor, counsel for defendant Teamsters Local 984 in attendance. For the reasons set forth herein, Defendants' Motion is GRANTED.

On November 24, 2014, Plaintiff filed a *pro se* Complaint[2] alleging violations of Title VII

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

[2] Plaintiff utilized the *pro se* complaint form entitled "Complaint under Title VII of the Civil Right Act of 1964"; however, he has explicitly added other claims under the aforementioned statutes.

1

of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), the Equal Pay Act of 1963 ("EPA"), and the Age Discrimination in Employment Act of 1967 ("ADEA"). Therein, Plaintiff alleges numerous claims of discrimination on the basis of race, sex, age over approximately three years of his employment at Riviana Foods. On March 24, 2016, Plaintiff filed his First Supplemental Complaint alleging further instances of alleged discrimination through his termination on September 11, 2015. (D.E. # 56).

A scheduling order was entered setting July 15, 2016 as the bar date for discovery. (D.E. # 37) On February 4, 2016, Plaintiff filed a document entitled "Plaintiff's Responses in Opposition to Defendant Notice of Deposition of Plaintiff Julian Johnson" (D.E. # 44), stating that he would not attend his deposition noticed on February 18, 2016 because "Plaintiff has yet to receive any Discovery document from Defendant, Riviana. Plaintiff Oppose having Deposition until, after Discovery, which ends July 15, 2016." On February 8, 2016, Riviana filed a response to Plaintiff's opposition, arguing that Plaintiff's grounds for not attending his deposition were not well grounded and that Plaintiff should be ordered by the Court to attend the scheduled deposition. (D.E. # 45) The parties participated in a telephone status conference on February 16, 2016 at which time Plaintiff agreed to sit for a deposition on March 4, 2016. (D.E. # 47)

Due to scheduling conflicts, counsel for Teamsters Local 984 asked to reschedule the deposition to March 7, 2016. When that date was not convenient for counsel for Riviana, a request was made to reschedule the deposition to March 23, 2016. Plaintiff indicated that he did not wish to reschedule the deposition and appeared at the office of counsel for Riviana on March 7, 2016. On March 15, 2016, counsel for Riviana noticed Plaintiff for his deposition to be taken on March 23, 2016. On March 21, 2016, Plaintiff notified counsel for Riviana by telephone that he would not appear for the deposition and did not provide a reason for his refusal to attend. On

March 23, 2016, counsel for Riviana and Teamsters Local 984 appeared to take Plaintiff's deposition however Plaintiff did not appear. Riviana incurred the expense of $85 for the court reporter's appearance fee due to Plaintiff's failure to appear. Affidavit of Kathryn Parham (D.E. # 62)

Federal Rule of Civil Procedure 30 permits a party to depose any person, including a party, without leave of court. There is no requirement in the rule that the party agree to have his deposition take or agree to the date, time or place of the deposition. Rule 37(d)(1)(A)(i) provides for sanctions where a party fails, after being served with proper notice, to appear for his deposition. Among the sanctions available are the payment of reasonable expenses, including attorney's fees, caused by the failure to attend or dismissal of the action. Fed. R. Civ. P. 37(d)(3) Because Plaintiff failed to attend his properly noticed deposition and has not provided any justification, much less the substantial justification required by the Rule, he will be sanctioned for his failure to appear.

For the reasons set forth herein, Defendants' Motion is GRANTED. Plaintiff is ORDERED to pay to counsel for Riviana eighty-five dollars ($85.00) within thirty (30) days of entry of this Order. Plaintiff is FURTHER ORDERED to appear as noticed and agreed to at the hearing on May 2, 2016 at 9:30am for his deposition.

**Plaintiff is warned that failure to comply with either of these provisions may result in a recommendation that Plaintiff's Supplemental Complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).**

IT IS SO ORDERED this 28th day of April, 2016.

s/Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE