**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 17-5265

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JULIAN JOHNSON,                                 )
                                                )
        Plaintiff-Appellant,                    )
                                                )
v.                                              )   ON APPEAL FROM THE UNITED
                                                )   STATES DISTRICT COURT FOR
RIVIANA FOODS, INC.; TEAMSTERS LOCAL            )   THE WESTERN DISTRICT OF
984,                                            )   TENNESSEE
                                                )
        Defendants-Appellees.                   )
                                                )

> **FILED**
> Dec 04, 2017
> DEBORAH S. HUNT, Clerk

O R D E R

Before:  ROGERS, SUTTON, and BUSH, Circuit Judges.


        Julian Johnson, a Tennessee resident proceeding pro se, appeals the district court's order granting summary judgment in favor of the defendants.  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

        In 2014, Johnson filed his complaint under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2000e-17; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d); and the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(a)(4).  Johnson alleged that Riviana Foods, Inc. ("Riviana") subjected him to discrimination based on his race and gender and retaliated against him for filing grievances and complaints about his employment with that company.  He also claimed that Teamsters Local 984 ("Local 984") failed to fairly represent him because of his gender.

The district court initially dismissed Johnson's claims under the ADEA and the NLRA and some of his Title VII race discrimination claims because he had failed to exhaust his administrative remedies regarding those claims. The court dismissed Johnson's EPA claim because it was untimely. After discovery began, Johnson filed four motions to compel under Federal Rule of Civil Procedure 37, which the district court denied. Johnson then filed a motion to alter or amend the district court's decision, claiming that the defendants failed to comply with Federal Rule of Civil Procedure 26 because they refused to provide relevant documents regarding his employment. In October 2016, the district court held a hearing on Johnson's motion to alter or amend, and Riviana agreed to supplement its responses.

Riviana and Local 984 filed separate motions for summary judgment, and Johnson failed to respond to the motions. Instead, Johnson filed a "Second Motion to Alter or Amend" the court's order denying his more recent motion to compel, and he also filed a motion to strike the defendants' motions for summary judgment. The district court denied Johnson's motions to amend its prior judgment and granted the defendants' motions for summary judgment, rejecting each of Johnson's claims of discrimination and retaliation on the merits.

Without challenging the district court's resolution of the merits of his discrimination claims, Johnson now seeks reversal of the district court's decision denying his 2016 motion to compel and urges that we remand his case to "receive relevant documents denied to him by both Defendants." Johnson argues that the district court abused its discretion when it granted summary judgment before resolving the discovery issues and that the district court was biased against him because he is a pro se litigator.

Underlying Facts

Johnson, a male African-American, began working at Riviana in December 2009, and he became a member of Local 984, who represented Riviana employees under a collective bargaining agreement ("CBA"). In June 2011, he began working as a Machine Operator in the company's Instant Packaging Department ("Packaging") and, in February 2012, he was transferred to its Ready-to-Serve ("RTS") Department after he bid for this transfer. Upon his transfer, he was promoted to a higher Operator 3 position and was promoted again in October

2012 to an Operator 4. While he was in Packaging, he had trained two African-American female employees, Shatika Boone and Deanna Jennings, who were transferred and promoted to Operator 4 in Packaging in March 2012 before Johnson was promoted to that level in RTS. Because promotions were usually based on seniority, Johnson filed a grievance because he had seniority over Boone and Jennings. His grievance was denied, and Local 984 did not appeal that decision on his behalf. In September 2012, Johnson filed a complaint with the Equal Employment Opportunity Commission ("EEOC") based on these facts.

In November 2012, Johnson filed another EEOC complaint based on allegations of race discrimination and of retaliation by Riviana for filing his first EEOC complaint and filing grievances about warnings from his supervisor about his work product. In addition, Johnson's supervisor had allegedly delayed a promotional exam in 2013 for thirty days because Johnson received two more warnings about his work product, but Johnson was eventually promoted to Operator 5. Johnson amended his EEOC claim to include these incidents.

In 2014, Johnson was repeatedly warned about his defective work product, and he also received a warning after a verbal altercation with his supervisor (who himself was warned). Further, he was reprimanded for failing to comply with Riviana's attendance policy, receiving a three-day suspension in October 2014 for this violation. Johnson's excessive absenteeism, tardiness, attendance violations, and defective work product continued into 2015. In April 2015, represented by Local 984, Johnson entered into a Settlement Agreement with Riviana to have three warnings removed from his file and another warning converted to an informal warning. In September 2015, he was terminated because of excessive absenteeism. Between January 2014 and November 2015, eight other employees were terminated for violating the company's attendance policy.

District Court's Findings and Conclusions

Applying the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the district court determined that Johnson failed to establish a prima facie case of racial discrimination based on the circumstantial evidence of the written and verbal warnings because the warnings did not result in an adverse employment action, and Johnson

No. 17-5265
- 4 -

could not show that any similarly situated, non-protected employee had not been disciplined on the same grounds. *See Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 812 (6th Cir. 2011); *see also Clayton v. Meijer, Inc.*, 281 F.3d 605, 610 (6th Cir. 2002). Next, the district court determined that Johnson failed to establish a prima facie case of reverse gender discrimination based on the company's promotion of Boone and Jennings because these female employees, working in another department under another supervisor in different conditions, were not similarly situated to him. *See Grace v. USCAR*, 521 F.3d 655, 677 (6th Cir. 2008); *see also Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998).

Regarding Johnson's claims of retaliation, the district court determined that Johnson's supervisors, Mark Nunley and Jim Coleman, who disciplined him, were not aware of Johnson's complaints at the time that they issued their warnings between November 2012 and July 2015. Therefore, Johnson failed to meet his burden of showing that his employer was aware of Johnson's protected activity of filing the complaints when it took the alleged retaliatory actions. *See Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000). The district court also noted that, prior to his termination for excessive absenteeism, the written reprimands were not accompanied by any loss of pay, demotion, or suspension, so they were not adverse employment actions that would have dissuaded Johnson from filing complaints and grievances. *See Taylor v. Geithner*, 703 F.3d 328, 338 (6th Cir. 2013). Regarding his termination, the district court noted that Johnson had established three of the four prongs for establishing a prima facie case, but he could not establish a causal connection between his protected activity and his termination. *See Nguyen*, 229 F.3d at 563.

The district court could not discern how Johnson's settlement agreement with Riviana, negotiated by Local 984 on his behalf and resulting in the removal or conversion of multiple warnings, constituted an adverse employment action as Johnson claimed. Therefore, the district court found this claim baseless.

Johnson had also claimed that Riviana had acted in retaliation when it allegedly failed to abide by his light-duty restriction in 2015, which had been imposed because of a hand injury. However, the district court rejected this claim after Riviana produced evidence that it had fully

complied with this restriction. The district court also rejected Johnson's claim that Coleman and Nunley had engaged in retaliatory harassment through their disciplinary actions, explaining that these supervisors were unaware of Johnson's complaints, and Johnson failed to allege any other type of harassment other than their written reprimands. Addressing Johnson's claim that Nunley used a racial slur during a verbal confrontation, the court determined that this accusation was unsubstantiated and, even if true, occurred on only a single occasion and thus did not rise to the level of "severe harassment" that would permit recovery under a retaliatory harassment claim. *See Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 345 (6th Cir. 2008); *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Addressing Johnson's claim of unfair representation based on gender, the district court found that Johnson failed to rebut Local 984's undisputed evidence that no similar grievance had been filed by a female employee at Riviana at the time he filed his grievance in September 2014. Thus, he failed to meet his burden of showing any discrimination in the union's duty of fairly representing him. *See Wells v. Chrysler Grp., LLC*, 559 F. App'x 512, 513-14 (6th Cir. 2014). Based on the above, the district court found no genuine issue of material fact to support Johnson's complaint and granted summary judgment in favor of the defendants.

Waived Claims of Discrimination

On appeal, Johnson presents no challenge to the district court's substantive conclusions relating to his claims of discrimination by either Riviana or Local 984, and he points to no error by the district court when it granted summary judgment on the basis of those findings and conclusions. Johnson's sole argument is that the district court abused its discretion when it granted summary judgment before resolving the issues he presented in his motions to compel discovery.

Although pro se pleadings are liberally construed, we will not "identify and address the arguments that [Johnson] could have made but did not." *Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007). Because Johnson failed to address the district court's analysis of his underlying claims of discrimination and retaliation, he has abandoned those claims and waived any challenge to the district court's grant of summary judgment on the merits. *See Radvansky v. City*

*of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005); *see also Geboy*, 489 F.3d at 767. However, any clear error in the district court's orders denying discovery may support the reversal of its summary judgment decision. *See Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320 (6th Cir. 2015). For the reasons below, the district court committed no such error.

Claims Regarding Discovery

Johnson asserts that the district court violated Federal Rule of Civil Procedure 26 when it denied his September 2016 motion to compel. We review a ruling limiting or denying discovery for an abuse of discretion. *Id.* "An abuse of discretion occurs if the district court relies on clearly erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *Id.* (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013)).

Johnson argues that the district court's order partially granting his request for additional documents did not comport with the Federal Rules because the court failed to consider his entire request at the hearing. However, he fails to specify what matters the district court failed to consider or what documents he requested that were not produced. In addition, he fails to substantiate his claim of judicial bias with any allegations other than the district court's orders that were unfavorable to his case. Therefore, Johnson's conclusory assertions relating to his procedural argument and claim of bias cannot serve as a basis to alter the district court's ruling on the defendants' motions for summary judgment. *See Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008).

Motion to Alter or Amend and Motion to Strike

We review the denial of a motion to alter or amend a judgment pursuant to 59(e) for an abuse of discretion. *Hansmann v. Fid. Invs. Inst. Servs. Co.*, 326 F.3d 760, 766 (6th Cir. 2003). To the extent that Johnson's motion could be construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), we will review the denial of that motion for an abuse of discretion as well. *See Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Id.* (quoting *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006)). A Rule

No. 17-5265
- 7 -

59(e) motion may be granted "if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Johnson's motion for a new trial under Rule 59(a) was addressed not to the district court's resolution of the matter on summary judgment but, as noted above, to one of the district court's rulings on his motions to compel.

In support of his motions to alter or amend and his motion to strike, Johnson insisted that the district court failed to fully consider his request for documents. However, the district court addressed his requests several times, held a lengthy hearing on the matter and addressed each discovery request, granted his request in part, and denied his subsequent motion to compel because the defendants had fulfilled their obligations. As the district court determined, Johnson has "pointed to no evidence to support his repeated unsubstantiated insistence that Riviana [or Local 984] is in possession of relevant documents that have not yet been produced." Thus, the district court did not abuse its discretion when it denied Johnson's Rule 59(e) motion and his motion to strike the defendants' summary judgment motions.

Accordingly, we **AFFIRM** the district court's order granting summary judgment in favor of the defendants.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: December 04, 2017

Mr. Louis P. Britt III
Ford Harrison
1715 Aaron Brenner Drive
Suite 200
Memphis, TN 38120

Julian Johnson
1629 Britton
Memphis, TN 38108

Mr. Samuel Morris
Godwin, Morris, Laurenzi & Bloomfield
50 N. Front Street
Suite 800 Morgan Keegan Tower
Memphis, TN 38103

Mr. Timothy Paul Taylor
Godwin, Morris, Laurenzi & Bloomfield
P.O. Box 3290
Memphis, TN 38173

Re: Case No. 17-5265, *Julian Johnson v. Riviana Foods, Inc., et al*
Originating Case No. : 2:14-cv-02911

Dear Sir or Madam,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Bryant L. Crutcher
Case Manager
Direct Dial No. 513-564-7013

cc:  Mr. Thomas M. Gould

Enclosure

Mandate to issue